34

PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN
BARRETO, Defendant and Appellant.

No. 3662.   Argued January 18, 1929.—Decided January 22, 1929.

*V. Alvaredo Olmedo* and *J. Veray Jr.* for the appellant.   *José E. Fi-
gueras* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This case was brought up from the District Court of
Aguadilla by which it had been decided on appeal from the
municipal court.

Juan Barreto was charged with aggravated assault and
battery in that wilfully and maliciously he had inflicted with
a small *machete* wounds in the back and shoulder of Fran-
cisco Rivera. After trial the District Court of Aguadilla
convicted Barreto of aggravated assault. and battery and
sentenced him to one month and twenty days in jail, with
the costs. The appeal before us was taken from that judg-
ment of May 2, 1928.

Four errors are assigned by the appellant, as follows:

"I. The district court committed manifest error in allowing the
admission in evidence against the defendant of the affidavit of Daniel
Soto taken by the municipal judge of Aguadilla.

"II. The district court erred in not taking into account the theory
of self-defense within the home raised by the defendant.

"III. The judgment rendered by the trial court against the ac-
cused is contrary to the evidence.

"IV. The district court erred in not taking into consideration the
evidence voluntarily suppressed by the prosecution."

We find no merit in the first assignment. During the examination of Daniel Soto, whose testimony is in conflict with all of the evidence and, in our opinion, with the truth, the district attorney undertook to refresh his memory by reminding him of other testimony which he had given on another occasion before the municipal judge of Aguadilla, but did not offer in evidence that former testimony. The defense took no exception to that cross-examination. Besides, the testimony of Daniel Soto has not the importance attributed to it, or any importance whatever. The district judge did not believe it and acted on it wisely and with judicial consideration.

As regards the second assignment to the effect that the court erred in not taking into account the theory of self-defense, we find from the evidence that Francisco Rivera went to the home of Leonardo Montalvo where appellant Juan Barreto was a servant or employee and was in bed at that time; that some jokes passed between Barreto and Rivera and the result was a dispute; that Rivera and Barreto insulted each other and Rivera challenged Barreto to go out on the road with him and fight; that Barreto went after taking up a small *machete* with which he wounded his adversary in the shoulder and back. That is, there was a fight accepted by the defendant. Under these circumstances it is not easy to maintain the theory of self-defense. Self-defense is justified only when the one who is defending himself is not wholly or in part the cause and origin of the attack, and when he who has to defend himself acts in compliance with the law. Any person who goes out to fight with another and goes armed with an instrument with which death can be inflicted is not in a position to plead afterwards that he was under the necessity of defending himself against an unexpected assault. Moreover, although it was sought to show by the evidence that Rivera had struck the appellant with a bottle, the district judge did not give credit to such testimony, nor could anyone who considers it dispassionately.

Nothing is alleged by the appellant tending to show that the trial court weighed the evidence erroneously or under the influence of passion, prejudice or partiality.

In the fourth assignment, that the court erred in not considering the evidence wilfully suppressed by the district attorney, it seems that the appellant has gone too far. The evidence for the prosecution was complete when the case was closed. It was not necessary to call another witness or there was no desire to do so. In that situation, with his case complete, the district attorney's waiver of his right to call more witnesses was not a suppression of evidence.

We find no ground for sustaining the assignments made under numbers three and four.

The judgment will be affirmed.